[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 3, 2006
THOMAS K. KAHN
CLERK

No. 05-13981
Non-Argument Calendar

_____

D. C. Docket No. 88-04040-CR-4-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES WOODEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 3, 2006)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

James Wooden appeals the district court's revocation of his supervised

release and imposition of a 60-month term of imprisonment. Wooden contends that the district court erred when it found that he committed three violations of the mandatory conditions of his supervised release based on evidence admitted in violation of his confrontation and due process rights and Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005). Wooden also contends that the district court abused its discretion by imposing the statutory maximum term of imprisonment rather than a term within the advisory guideline range.

We review the district court's revocation of supervised release for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). A district court may "revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Revocation is mandatory if the defendant violated a condition of supervised release by possessing a controlled substance. Id. § 3583(g).

Wooden's first argument is that the district court erred in relying on evidence that was presented in violation of Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), because he did not have an opportunity to confront the witnesses against him. Wooden did not raise this objection in the district court, so it will be reviewed only for plain error in this Court. United States v. Olano, 507

2

U.S. 725, 731–32, 113 S. Ct. 1770, 1776 (1993). Under the plain error standard Wooden must show that: (1) there was an error, (2) that was plain, (3) that affected his substantial rights, and (4) that seriously affected the fairness of the proceeding. United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

There was no plain error under Crawford v. Washington. The right to confrontation is a trial right, and this Court has held that it does not apply to non-capital sentencing. United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005) (recognizing that "we repeatedly have concluded that a district court may use reliable hearsay at sentencing"). Neither this Court nor the Supreme Court has extended Crawford to revocation proceedings. Other Circuits considering this issue have declined to apply Crawford to revocations of supervised release or probation. See, e.g., United States v. Rondeau, 430 F.3d 44, 47–48 (1st Cir. 2005); United States v. Hall, 419 F.3d 980, 985–86 (9th Cir. 2005), cert. denied, 126 S. Ct. 838 (2005); United States v. Kirby, 418 F.3d 621, 627 (6th Cir. 2005); United States v. Aspinall, 389 F.3d 332, 342–43 (2d Cir. 2004); abrogated on other grounds, United States v. Fleming, 397 F.3d 95 (2d Cir. 2005); United States v. Martin, 382 F.3d 840, 844 n.4 (8th Cir. 2004). Therefore, if there was any error it certainly was not plain. See United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005) (holding that there cannot be plain error "[i]n the absence of any controlling

3

precedent supporting the proposition that there was error").

Wooden's second argument is that his due process rights were violated because the district court admitted hearsay without first conducting the inquiry required by United States v. Frazier, 26 F.3d 110 (11th Cir. 1994). In Frazier we held that in supervised release revocation hearings when deciding whether to admit hearsay testimony, "the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." Id. at 114. However, in Frazier the defendant objected at his sentencing hearing to the admission of hearsay, whereas Wooden raised no hearsay objection to the testimony. Id. at 112. At least one court has held that the balancing test is not required where the defendant fails to object. United States v. Stanfield, 360 F.3d 1346, 1359-60 (D.C. Cir. 2004). We agree with that approach. On this record we have no way of knowing what grounds the government would have asserted for denying confrontation, because without an objection by the defendant the government had no reason or opportunity to assert these grounds and the district court had no opportunity to review them. Because the defendant failed to object, we will review the admission of the hearsay evidence only for plain error.

The district court may consider hearsay in a supervised release revocation

4

hearing if the hearsay is proven to be reliable. United States v. Stephenson, 928 F.2d 728, 732 (6th Cir. 1991); see also Frazier, 26 F.3d at 114. Wooden does not argue that any of the hearsay testimony or evidence at issue here was not reliable. He offers no basis for finding that the district court plainly erred in finding the hearsay to be reliable. This contention, like Wooden's first one is without merit.

Wooden also claims that the admission of certain evidence with respect to the violations based on his conduct in Georgia violated Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), because the charges arising from those violations were dismissed in state court. Although Wooden did not specifically cite Shepard, he did object in the district court on the basis that those matters were dismissed in the state court action. Therefore, we will decide the question of whether Shepard applies de novo. Frazier, 26 F.3d at 112 (questions of law in supervised release revocation proceedings subject to de novo review). In Shepard the Supreme Court held that courts are limited to the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented when determining the character of a prior offense for purposes of the Armed Career Criminal Act. Shepard, 544 U.S. at __, 125 S. Ct. at 1257. Shepard involved an interpretation of the Armed Career Criminal Act and it does not apply to the present case. See id.;

5

Cf. 18 U.S.C. § 3583(e)(3) (court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release").

Wooden has not established that the district court's admission of evidence at the revocation hearing was in error, thus he cannot establish that the revocation of his supervised release based on violations of mandatory conditions was reversible error. The testimony at the revocation hearing supported the district court's findings as to all three violations of mandatory conditions, and the district court did not err in revoking Wooden's supervised release.

Wooden also contends that the district court should have imposed a sentence within the guidelines range instead of the statutory maximum. Wooden did not object to the district court's decision to exceed the advisory guidelines range and so we review this decision for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

The district court did not plainly err by imposing a sentence above the guideline range. The chapter 7 guidelines are advisory and it is sufficient if "there is some indication the district court was aware of and considered them." Id. The district court noted and considered the relevant Guidelines range but found that it was inadequate under the circumstances based on the seriousness and extent of

6

Wooden's conduct.  The 60-month sentence the district court imposed did not exceed the statutory maximum.  There was no error.

The district court's revocation of supervised release and imposition of a 60-month term of imprisonment is

**AFFIRMED.**